UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MATTHEW C. MCKINNON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-573-JD-MGG |
| TERRY REDDEN, J. CANTERBERRY, LOT, CALLOWAY, KOEN, SALINKA, ALBRIGHT, and LOPEZ, | |
| Defendants. | |

OPINION AND ORDER

Matthew C. McKinnon, a prisoner without a lawyer, filed a complaint alleging he was denied his constitutional rights at the Indiana State Prison. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

McKinnon alleges Lt. Redden ordered Officer Euler to fire him from his job as a barber after McKinnon asked Officer Szcygielski who she was talking to when she yelled "Hey you . . . over there, now!" ECF 2 at 4. Based on his description of events, it does not appear there was a legitimate reason to fire him, but prisoners do not have a

liberty or property interest in a prison job. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). Therefore, the complaint does not state a claim for being fired.

McKinnon alleges Lt. Lot and Captain Calloway ordered Lt. Redden, Lt. Koen, Sgt. Canterberry, Sgt. Salinka, Sgt. Albright, and Officer Lopez to use "big canisters of chemical agents on me . . . until I couldn't breathe then cell-extracted me for no justifiable reason . . .." ECF 2 at 4. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, the complaint provides no details about what events preceded this use of force, but it does allege it was unjustified in violation of the Eighth Amendment. Therefore, McKinnon will be granted leave to proceed on the excessive force claims.

McKinnon also alleges these defendants destroyed his property at the same time. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For

intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 et seq.) and other laws provide for state judicial review of property losses caused by government employees, and they provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Therefore, the complaint does not state a claim for lost property.

McKinnon alleges he wrote to Warden Neal and Major Wardlow about what had happened, but they did not respond. He alleges he filed grievances with Joshua Wallen, Marla Lessnor, and Mark Newkirk, but they did not respond either. However, there is no right to a grievance process. *Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008). "[P]rison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017). Inmates have no general right to have constitutional violations investigated after the fact. *Daniel v. Cook Cnty.*, 833 F.3d 728, 736 (7th Cir. 2016). Therefore, these allegations do not state a claim. *See We the People Found., Inc. v. United States*, 485 F.3d 140, 143 (D.C. Cir. 2007) ("Plaintiffs contend that they have a right under the First Amendment to receive a government response to or official consideration of a petition for a redress of grievances. We disagree.")

McKinnon alleges after the cell extraction, he was held for four months in segregation before he was found guilty of two conduct violations: Assault with Bodily Waste and Disorderly Conduct. However, "an inmate's liberty interest in avoiding segregation is limited." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). An inmate is entitled to due process protections only when the more restrictive conditions pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). McKinnon alleges his conditions were atypical and presented a significant hardship, but after *Sandin*, inmates have no liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a result. Even "six months of segregation is not such an extreme term [that] standing alone, would not trigger due process rights." *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 698 (7th Cir. 2009) (quotation marks omitted). Therefore, this allegation does not state a claim.

McKinnon alleges he did not receive due process when he was found guilty. However, he cannot proceed with this claim until after the prison disciplinary proceeding is overturned or set aside because finding for McKinnon on this claim would undermine the prison disciplinary findings that he was guilty. *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997). Therefore, these claims will be dismissed without prejudice.

For these reasons, the court:

(1) GRANTS Matthew C. McKinnon leave to proceed against Lt. Lot and Captain Calloway in their individual capacities for compensatory and punitive damages for ordering the use of excessive force against him on August 13, 2020, in violation of the Eighth Amendment;

(2) GRANTS Matthew C. McKinnon leave to proceed against Lt. Redden, Lt. Koen, Sgt. Canterberry, Sgt. Salinka, Sgt. Albright, and Officer Lopez in their individual capacities for compensatory and punitive damages for using excessive force against him by spraying him with chemical agents until he could not breath before extracting him from his cell on August 13, 2020, in violation of the Eighth Amendment;

(3) DISMISSES WITHOUT PREJUDICE the claim that Matthew C. McKinnon was denied due process when he was found guilty of Assault with Bodily Waste and Disorderly Conduct on December 21, 2020;

(4) DISMISSES WITH PREJUDICE all other claims;

(5) DISMISSES Ron Neal, Wardlow, Ealer, Mark Newkirk, Joshua Wallen, Marla Lessner, and Szcygielski;

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Terry Redden, J. Canterberry, Lot, Calloway, Koen, Salinka, Albright, and Lopez at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2), under 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Terry Redden, J. Canterberry, Lot, Calloway, Koen, Salinka, Albright, and Lopez to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 24, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT