UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW C. MCKINNON,

    Plaintiff,

        v.                                                CAUSE NO. 3:21-CV-573-JD-MGG

TERRY REDDEN, et al.,

    Defendants.

OPINION AND ORDER

Matthew C. McKinnon, a prisoner without a lawyer, proceeds on Eighth Amendment claims against Lieutenant Lot, Captain Calloway, Lieutenant Redden, Lieutenant Koen, Sergeant Canterberry, Sergeant Salina, Sergeant Albright, and Officer Lopez for using excessive force against him on August 13, 2020. ECF 9. The defendants filed a motion for summary judgment, arguing that McKinnon did not exhaust his administrative remedies with respect to his claim. ECF 19.

In a declaration, Joshua Wallen, grievance specialist at the Westville Correctional Facility, attests that a grievance process is available to inmates. ECF 19-1 at 1-2. The grievance policy requires correctional staff to distribute copies and to explain it to inmates upon their admission to the correctional system. ECF 19-2 at 7. The policy is also available to inmates through counselors. ECF 19-1 at 2. The policy sets forth a three-step grievance process. ECF 19-2 at 9-14. First, an inmate must file a formal grievance with the grievance specialist. *Id.* Inmates must submit formal grievances within ten business days of the incident at issue. *Id.* If an inmate is dissatisfied with the

grievance specialist's determination on a formal grievance, he may file an appeal with the warden or his designee. *Id.* Finally, if an inmate is dissatisfied with the warden's determination, he may file an appeal with the department grievance manager. *Id.*

According to the grievance records, McKinnon submitted a grievance, dated August 30, 2020, that related to the use of force incident but also referenced his dissatisfaction with his housing assignment and not receiving a conduct report. ECF 19-4. On September 2, the grievance officer rejected the grievances as untimely and on the basis that housing assignments and conduct reports were not grievable issues. ECF 19-5.

In the summary judgment response, McKinnon attests that on August 17, 2020, a correctional officer refused to provide him with grievance forms but that he obtained some forms from another inmate. ECF 30. He submitted at least two grievances within the ten-day timeframe. *Id.* Because he did not receive a response to them, he submitted another grievance on August 30, 2020. *Id.*

In reply, the defendants provided a request from McKinnon directed to the grievance specialist, dated September 21, 2020. ECF 35-2. In this request, McKinnon professed his belief that the grievance policy allowed inmates fifteen business days to submit a grievance and indicated that the August 30 grievance fell within that timeframe. *Id.* He did not describe any other efforts to submit a grievance in this request. *Id.*

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The parties dispute whether McKinnon submitted a grievance regarding the use of force incident within ten business days as required by the grievance policy. The defendants rely upon the grievance records, which suggest that McKinnon's sole effort to submit a grievance related to his claims on August 30, 2020, was untimely. McKinnon

3

attests that he submitted two other grievances prior to August 28, 2020, but never received a response. The court finds a genuine dispute of material fact as to whether McKinnon had submitted a grievance regarding the use of force incident prior to August 28, 2020. Therefore, the motion for summary judgment is denied, and the defendants are ordered to notify the court as to whether they intend to withdraw the exhaustion defense or proceed with an evidentiary hearing in accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

For these reasons, the court:

(1) DENIES the motion for summary judgment (ECF 19); and

(2) GRANTS the defendants until March 3, 2023, to request an evidentiary hearing.

SO ORDERED on January 30, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT