UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MATTHEW C. MCKINNON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-573-JD-MGG |
| TERRY REDDEN, et al., | |
| Defendants. | |

REPORT AND RECOMMENDATION

Matthew C. McKinnon, a prisoner without a lawyer, proceeds on Eighth Amendment claims against Lieutenant Lot, Captain Calloway, Lieutenant Redden, Lieutenant Koen, Sergeant Canterberry, Sergeant. Salinka, Sergeant Albright, and Officer Lopez for using excessive force against him on August 13, 2023. ECF 9. On March 21, 2023, the defendants moved for summary judgment, asserting the affirmative defense of failure to exhaust administrative remedies. ECF 19. On January 30, 2023, the court denied the motion, finding a genuine dispute of material fact as to whether McKinnon submitted a grievance regarding the use of force incident prior to August 28, 2020. ECF 37. This case was referred to the undersigned magistrate judge for an evidentiary hearing to resolve this factual dispute pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), and the hearing was held on November 28, 2023, and on December 1, 2023. ECF 39, ECF 73, ECF 75.

At the evidentiary hearing, Joshua Wallen testified that he served as the grievance specialist at the Indiana State Prison. He did not recall any particular issues

with submitting grievances in August 2020. In 2017, the grievance process changed from allowing fifteen business days after an incident to file a grievance to allowing ten business days. If grievances were untimely, Wallen would accept them if there appeared to be a good reason for the delay, but he otherwise returned them to inmates. In April 2020, the grievance process was revised to remove the requirement that inmates attempt to informally resolve their grievance before submitting a formal grievance. The grievance policy is available from the law library, and inmates in lockup could request a copy. The Indiana Department of Correction maintains inmate grievance history in an electronic database using OGRE software. The electronic database does not record returned grievances, but Wallen kept copies of returned grievances in his office and placed them in offender packets. Grievances must be submitted on the proper form.

According to the grievance records, McKinnon submitted a grievance related to the use of force incident that is the subject of this case and dated the grievance for August 30, 2020. ECF 67-1 at 15. Wallen returned it with a Return of Grievance form in which he determined that the grievance was untimely and involved classification and disciplinary matters that were beyond the scope of the grievance process.[1] *Id.* at 4. On September 21, 2020, McKinnon submitted a response to the Return of Grievance to Wallen to contest the grievance decision. *Id.* at 4-6.

---

[1] At the hearing, defense counsel represented that McKinnon's grievance would have been timely if it had ben filed by August 27, 2020.

McKinnon testified that, on August 13, 2020, he had been moved from the D cellhouse to a secure management cell. On August 15, he moved back to D cellhouse. On August 18, he was pepper sprayed. On August 20, he asked for a grievance form from a unit team manager. When he did not receive a grievance form, he acted out for the purpose of creating a record to show that he attempted to complete the grievance process. He was taken to a bubble cell in East D Cellhouse where he obtained grievance forms from other inmates. He prepared an informal grievance, asked Unit Team Manager Marsh for copies, and submitted an informal grievance on August 21, 2020, to Captain Itodo. He then submitted at least two grievances within the dates of August 24, 2020, and August 27, 2020.

On cross-examination, McKinnon explained that he did not reference prior grievances in the August 30 grievance because his plan was to continue submitting grievances until he received a response. He further explained that he did not reference prior grievances in his September 21 response to Wallen because the return of grievance pertained only to the August 30 grievance and because he did not want to reveal that he had copies of other grievances.

Captain Dustin, Sergeant Stone, Lieutenant Wynn, Unit Team Manager Marsh, and Captain Itodo also testified at the evidentiary hearing.[2] They recalled McKinnon's time in D Cellhouse but did not have specific recollections of handling McKinnon's

---

[2] McKinnon also listed Unit Team Manager Suida as a witness. Defense counsel made her available at the evidentiary hearing on November 28, 2023, but she left before McKinnon had an opportunity to call her. On December 1, 2023, McKinnon advised that her testimony was not necessary and would likely contradict his testimony, so the undersigned concluded the hearing.

3

grievances. They testified that inmates in D Cellhouse could submit grievances by handing them to staff members walking by his cell. Unit Team Manager Marsh testified that McKinnon could have obtained copies from him.

Nakomi Neal testified that he was previously housed at the Indiana State Prison. When correctional staff shook down the housing ranges in 2021, they mixed up inmates' property, and many legal documents and grievance records were lost. He recalls that McKinnon was housed above him in D Cellhouse and that McKinnon was pepper sprayed. McKinnon asked him for grievances. Unit team managers normally walk the ranges once or twice per week, but, at the Indiana State Prison, it was normal for this not to occur.

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to

4

exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Inmates are only required to exhaust administrative remedies that are available. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears on paper but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered available. *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

To start, the undersigned observes that McKinnon has consistently represented that he submitted timely grievances in connection with his claims. For example, in the complaint, dated July 30, 2021, he alleged, "I timely submitted multiple grievances within ten business days in reference to this complaint." ECF 2 at 7. He also explained that he had lost copies of his grievances due to shakedowns. *Id.* at 5-6. In May 2022, he reiterated this account in his response to the motion for summary judgment on the exhaustion issue. ECF 30. His deposition testimony from August 23, 2023, is also consistent with his testimony from the evidentiary hearing. ECF 67-1 at 35-59. As a whole, McKinnon's account is plausible and meticulously detailed, and he appeared to testify credibly at the evidentiary hearing. The record also contains some corroboration

5

for McKinnon's account with respect to his housing location, contemporaneous events, and the operations of D Cellhouse. By contrast, no testimony squarely contradicted McKinnon's testimony that he submitted at least two timely grievances. Instead, the correctional witnesses each testified that they simply did not recall handling McKinnon's grievances.

To the defendants' point, McKinnon's response to the return of grievance, dated September 21, 2020, raises some concern about McKinnon's credibility. In the response, McKinnon explained in detail the underlying incident, his efforts to obtain grievance materials, and his informal resolution efforts, and contested each of the Grievance Specialist Wallen's findings. However, it did not mention that McKinnon had submitted any grievances prior to August 30, 2020. Given the otherwise comprehensive nature of the response, it is unclear why McKinnon would have declined to mention these grievances. Nevertheless, at this stage of the proceedings, the burden of proof rests with the defense, and this single omission is insufficient to discredit McKinnon's otherwise consistent account.

For these reasons, the undersigned:

(1) FINDS that Matthew C. McKinnon submitted a grievance regarding the use of force incident prior to August 28, 2020; and

(2) RECOMMENDS that this case proceed to discovery on the merits because Matthew C. McKinnon did not fail to exhaust his available administrative remedies in violation of 42 U.S.C. § 1997e(a).

6

**NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

ENTERED on December 8, 2023

                                                       s/ Michael G. Gotsch, Sr.
                                                       Michael G. Gotsch, Sr.
                                                       United States Magistrate Judge