UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW C. MCKINNON,

    Plaintiff,

    v.     CAUSE NO. 3:21-CV-573-JD

TERRY REDDEN, et al.,

    Defendants.

## OPINION AND ORDER

Matthew C. McKinnon, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding against Lt. Dujuan Lott and Captain Michael Calloway "in their individual capacities for compensatory and punitive damages for ordering the use of excessive force against him on August 13, 2020, in violation of the Eighth Amendment[.]" ECF 9 at 5. Second, he is proceeding against Lt. Terry Redden, Sgt. Dennis Koen, Sgt. Jamil Canteberry, Sgt. Michael Slaninka, Sgt. Mathew Albright, and Officer Moises Lopez Jimenez "in their individual capacities for compensatory and punitive damages for using excessive force against him by spraying him with chemical agents until he could not breath before extracting him from his cell on August 13, 2020, in violation of the Eighth Amendment[.]" *Id.* The defendants filed a motion for summary judgment. ECF 131. McKinnon filed a response, and the defendants filed a reply. ECF 137, ECF 138. McKinnon then filed an unauthorized sur-response, which the

defendants have moved to strike. ECF 139, ECF 140, ECF 141.[1] The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In order to survive summary judgment, a plaintiff must put forth evidence that "support[s] a reliable inference of wantonness in the infliction of pain." *Id*. at 322. The core requirement for an excessive

---

[1] Northern District of Indiana Local Rule 56-1(b) provides an opportunity for only a single response. Nevertheless, the court has reviewed the contents of McKinnon's sur-response, and concludes the arguments raised in the sur-response have no impact on the disposition of this case.

force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). In determining whether the intent was malicious, relevant factors include how much force was needed versus how much was actually used; the extent of injury inflicted; whether the force was needed because of a risk to someone's safety; and whether the officers made efforts to limit the severity of the force. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019).

The defendants argue that: (1) summary judgment is warranted in favor of Lt. Redden, Sgt. Slaninka, Sgt. Canteberry, Sgt. Koen, and Officer Jimenez because they did not use excessive force against McKinnon and are entitled to qualified immunity; and (2) summary judgment is warranted in favor of Capt. Calloway, Lt. Lott, and Sgt. Albright because they were not personally involved in any constitutional violation. Each argument will be addressed in turn.

<u>*Lt. Redden, Sgt. Slaninka, Sgt. Canteberry, Sgt. Koen, and Officer Jimenez*</u>

Lt. Redden, Sgt. Slaninka, Sgt. Canteberry, Sgt. Koen, and Officer Jimenez argue summary judgment is warranted in their favor because they used force in a good faith effort to restore order, not maliciously or sadistically to cause harm. ECF 132 at 6-9. Specifically, the defendants attest to the following facts: Around 2:00 p.m. on August 13, 2020, Lt. Redden observed McKinnon arguing and using profanity with custody staff outside the officer station. ECF 131-7 at 1-2. Lt. Redden had McKinnon escorted back to his cell, filed an incident report, and received authorization to transfer McKinnon to the restricted housing unit due to his conduct. *Id.* Around 6:00 p.m., Lt. Redden, Sgt.

3

Canteberry, Sgt. Slaninka, and Sgt. Bauer went to McKinnon's cell to transport him to the restricted housing unit. *Id.* at 2. Lt. Redden ordered McKinnon several times to submit to handcuffs to be transported, but he refused. *Id.* Lt. Redden then issued a one-second burst of OC spray to McKinnon to gain compliance, but McKinnon hid behind a curtain and positioned his fan towards the cell door. *Id.* at 2-3. Sgt. Koen arrived at the cell, and both Sgt. Koen and Sgt. Slaninka attempted to deploy OC spray but were unsuccessful because McKinnon used a barber smock to shield himself. *Id.* McKinnon threw an unknown liquid from his cell, striking Sgt. Canteberry's face. *Id.* Over the next ten minutes, Lt. Redden and the other officers gave McKinnon orders to submit to handcuffs which he ignored. *Id.* Sgt. Bauer then successfully deployed a one-second burst of OC spray to McKinnon's face. *Id.* Sgt. Bauer and Sgt. Slaninka pulled McKinnon to the cuff port to place him in handcuffs, but McKinnon resisted. *Id.* Sgt. Bauer then successfully deployed a five-second burst of OC spray, at which time McKinnon submitted to handcuffs. *Id.* Officer Lopez arrived at McKinnon's cell and he and Sgt. Koen escorted McKinnon to the medical unit for a decontamination shower. *Id.* at 4; ECF 131-4 at 2.

In his response, McKinnon cites to his deposition testimony and provides a substantially different version of the facts: When Lt. Redden and the other correctional officers arrived at McKinnon's cell to transport him to the restricted housing unit, Lt. Redden asked McKinnon to apologize for the earlier incident and McKinnon refused. ECF 137 at 12. Lt. Redden and the other correctional officers then began spraying OC spray into McKinnon's cell without ever instructing or giving him an opportunity to

4

cuff up. *Id.* at 12, 14, 29. The correctional officers "emptied out" their cans of OC spray into McKinnon's cell for at least an hour straight while McKinnon attempted to cover himself with a curtain, barber's smock, and blanket. *Id.* at 13-17. Despite McKinnon's efforts to shield himself from the OC spray, the defendants successfully sprayed him to the extent that he couldn't breathe. *Id.* at 15-16. The correctional officers deployed the OC spray "profusely, steadily, and continuously" until McKinnon passed out from being unable to breathe. *Id.* at 19. Officer Lopez and Sgt. Koen then brought McKinnon to the medical unit, but rather than give him a cold decontamination shower they instead threw him fully dressed and handcuffed into a hot shower, which amounted to "torture." *Id.* at 21-23.[2]

Here, construing the facts in the light most favorable to McKinnon, a reasonable jury could conclude Lt. Redden, Sgt. Slaninka, Sgt. Canteberry, Sgt. Koen, and Officer Jimenez used excessive force against him. *See Ogden*, 606 F.3d at 358; *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704-05 (7th Cir. 2011) (at the summary judgment stage, the court cannot "weigh conflicting evidence" or "make credibility determinations," as this is "the province of the jury") (citations omitted). Specifically, a reasonable jury could credit McKinnon's testimony and conclude that the defendants' alleged conduct of "emptying out" their cans of OC spray into his cell for over an hour until he passed out and then placing him in a hot shower while fully clothed and handcuffed was excessive. *See Musgrove v. Detella*, 74 F. App'x 641, 646 (7th Cir. 2003)

---

[2] A decontamination shower is meant to consist of "cool running water so that the offender can rinse the OC spray off his face and the rest of his body." ECF 136-1 at 8.

5

(OC spray "can be used in limited quantities when reasonably necessary to subdue or maintain control over an inmate," but violates the Eighth Amendment "if it is used 'in quantities greater than necessary or for the sole purpose of punishment or the infliction of pain'"). A reasonable jury could also credit McKinnon's testimony that the defendants never gave him adequate warnings before deploying the OC spray into his cell. *See Lewis v. Downey*, 581 F.3d 467, 479 (7th Cir. 2009) (force "including mace and tear gas . . . should generally follow adequate warnings"); *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984) (the use of OC spray "*in small amounts* may be a necessary prison technique if a prisoner refuses *after adequate warnings* to move from a cell") (emphasis added). The defendants argue McKinnon is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), from disputing that he (1) refused orders to submit to handcuffs and (2) threw bodily fluids on the correctional officers, as he was found guilty of this conduct in a disciplinary hearing. ECF 132 at 3-5. But even accepting as true that McKinnon refused to submit to handcuffs and threw bodily fluids on the correctional officers, a reasonable jury could conclude it was excessive to spray him with OC spray in his cell for over an hour until he passed out and then place him in a hot shower. *See id.*; *Musgrove*, 74 F. App'x at 646. Specifically, even accepting as true that McKinnon refused orders to cuff up and threw bodily fluids, a reasonable jury could balance the *McCottrell* factors and conclude that (1) the defendants used more force than was necessary, (2) the defendants made no efforts to limit the severity of the force, and (3) the force was not needed because of a risk to someone's safety as McKinnon was confined in his cell during the use of force. *See McCottrell*, 933 F.3d at 663. Accordingly, because a reasonable jury

6

could credit McKinnon's version of the facts and conclude the defendants used excessive force against him, summary judgment is not warranted in favor of Lt. Redden, Sgt. Slaninka, Sgt. Canteberry, or Officer Jimenez.

The defendants also argue they are entitled to qualified immunity because their actions did not violate any clearly established law, as they used only a small amount of OC spray to subdue and maintain control over McKinnon. ECF 132 at 10-12. But this argument fails because it asks the court to resolve disputed facts in favor of the defendants. See *Mordi v. Zeigler*, 770 F.3d 1161, 1164 (7th Cir. 2014) ("[t]he court cannot resolve disputed issues of fact when it addresses [whether the facts alleged describe a violation of a protected right] because the ordinary rules governing summary judgment apply in that situation"); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (recognizing that disputed material facts regarding the elements of a constitutional claim precludes dismissal based on qualified immunity). Crediting McKinnon's version of events, it would be clear to a reasonable officer that spraying McKinnon with OC spray for over an hour until he passed out and then placing him in a hot shower was unlawful. *See Musgrove*, 74 F. App'x at 646 (OC spray violates the Eighth Amendment "if it is used 'in quantities greater than necessary or for the sole purpose of punishment or the infliction of pain'"); *Saucier v. Katz*, 533 U.S. 194, 202 (2001) ("The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted"). Thus, the defendants are not entitled to qualified immunity on this claim.

7

### *Capt. Calloway, Lt. Lott, and Sgt. Albright*

Capt. Calloway, Lt. Lott, and Sgt. Albright argue summary judgment is warranted in their favor because they were not personally involved in any constitutional violation. ECF 132 at 9-10. "Section 1983 creates a cause of action based upon personal liability and predicated upon fault." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). "An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Id.* A supervisor won't be liable without "a showing of direct responsibility for the improper action[.]" *Id.* Put otherwise, individuals will only be liable for their own misconduct, unless they are responsible for creating the peril that leads to the constitutional violation. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

Capt. Calloway and Lt. Lott both attest they were not present at McKinnon's cell during the August 13, 2020, incident, and did not personally authorize or instruct any of the correctional officers to deploy OC spray. ECF 131-2 at 2-3; ECF 131-6 at 2. In his response, McKinnon doesn't argue or provide any evidence that Capt. Calloway and Lt. Lott were present at his cell or authorized or instructed any of the correctional officers to deploy OC spray. Instead, he argues Capt. Calloway and Lt. Lott were personally involved because they authorized Lt. Redden's decision to transfer him to the restricted housing unit on that day. ECF 139 at 19-20. But the mere fact that Capt. Calloway and Lt. Lott authorized Lt. Redden's decision to transfer McKinnon to the restricted housing unit doesn't show they were "directly responsible" for the defendants' conduct of spraying McKinnon with OC spray during the transfer. *See Wolf-Lillie*, 699 F.2d at 869.

8

Because it's undisputed that Capt. Calloway and Lt. Lott (1) were not present at McKinnon's cell during the incident, and (2) did not authorize or instruct any of the correctional officers to deploy OC spray, no reasonable jury could conclude they were "directly responsible" for violating McKinnon's constitutional rights. *See id*; *Burks*, 555 F.3d at 596 (holding there is no general *respondeat superior* liability under § 1983). Summary judgment is therefore warranted in their favor.

Sgt. Albright also attests he was not present at McKinnon's cell during the August 13, 2020, incident, and was not involved with spraying him with OC spray. ECF 131-1 at 2. But McKinnon testified in his deposition that he "knows for sure" that Sgt. Albright was present at his cell and was actively involved in spraying him with OC spray. ECF 126 at 27-28, 47. A reasonable jury could credit this testimony and conclude Sgt. Albright was personally involved in violating McKinnon's constitutional rights. Because there's a genuine dispute over whether Sgt. Albright was personally involved in violating McKinnon's constitutional rights, summary judgment is not warranted in his favor.[3]

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 131) as to McKinnon's claim against Capt. Calloway and Lt. Lott, but DENIES the motion in all other respects;

---

[3] The defendants argue only that summary judgment is warranted in favor of Sgt. Albright because he was not personally involved in the constitutional violation, and do not otherwise argue or provide evidence that the force he used wasn't excessive. Because Sgt. Albright doesn't argue or provide evidence regarding his specific conduct, other than his complete absence, the court need not consider more specifically whether Sgt. Albright's conduct constitutes excessive force.

9

(2) DISMISSES Capt. Calloway and Lt. Lott from this action;

(3) DENIES the defendants' motion to strike McKinnon's sur-response (ECF 141); and

(4) REMINDS the parties this case is now proceeding only on McKinnon's remaining claim against Lt. Redden, Sgt. Koen, Sgt. Albright, Sgt. Canteberry, Sgt. Slaninka, and Officer Lopez in their individual capacities for compensatory and punitive damages for using excessive force against him by spraying him with chemical agents until he could not breathe before extracting him from his cell on August 13, 2020, in violation of the Eighth Amendment.

SO ORDERED on December 17, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT