UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW C. MCKINNON,

    Plaintiff,

    v.                                CAUSE NO. 3:21-CV-573-JD

TERRY REDDEN, et al.,

    Defendants.

OPINION AND ORDER

Sgt. Mathew Albright moves the court for reconsideration from its order denying summary judgment in his favor. ECF 150. In his summary judgment motion, Sgt. Albright argued he was not personally involved in violating McKinnon's constitutional rights because he was not physically present at McKinnon's cell when a group of correctional officers sprayed him with OC spray. ECF 132 at 9-10. In its order denying summary judgment, the court cited McKinnon's deposition testimony that he "know[s] for sure"[1] that Sgt. Albright was present at his cell and was actively involved in spraying him with OC spray, and concluded a reasonable jury could credit this testimony and conclude Sgt. Albright was personally involved in violating McKinnon's constitutional rights. ECF 143 at 9; see ECF 126 at 27-28, 47.

---

[1] "Q.    What about Albright?
A.    Yeah, now this is the thing. Albright trying to say he wasn't there. But I know for sure that I seen Albright.
Q.    Okay.
A.    So I don't know. That's why I want the camera evidence.
Q.    So you definitely recall seeing Albright there, right?
A.    Yeah, absolutely."

In his motion for reconsideration, Sgt. Albright reiterates his argument that no rational jury could conclude he was personally involved in the constitutional violation because McKinnon testified elsewhere in his deposition that he was only "90 percent sure" that Sgt. Albright was present at his cell. ECF 151 at 6-7. However, the fact that McKinnon testified he "know[s] for sure" that Sgt. Albright was present at his cell at one point and that he was only "90 percent sure" at another point only goes to McKinnon's credibility, which is not a matter suitable for resolution at the summary judgment stage. *See Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (The court will not "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder."). Sgt. Albright also argues the other evidence in the record such as the incident reports and shift roster show he was not present at McKinnon's cell but, again, the court cannot weigh the evidence at the summary judgment stage. *See id.*

As stated in the court's summary judgment order, a reasonable jury could credit McKinnon's testimony that he "know[s] for sure" that Sgt. Albright was present at his cell and sprayed him with OC spray and conclude Sgt. Albright was personally involved in the constitutional violation. *See* ECF 126 at 27-28. For these reasons, Sgt. Albright's motion for reconsideration (ECF 150) is DENIED.

SO ORDERED on January 21, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT