UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MATTHEW C MCKINNON,<br><br>    Plaintiff,<br><br>    v.<br><br>TERRY REDDEN, J. CANTERBERRY, KOEN, SALINKA, ALBRIGHT, LOPEZ,<br><br>    Defendants. | Case No. 3:21-CV-573 JD |

## OPINION AND ORDER

In advance of trial, Plaintiff Matthew McKinnon, proceeding pro se, filed several motions seeking various documents and materials, which the Court will now address.

### A. Background

This case is set for trial to begin on February 17, 2026, with the final pretrial conference scheduled for December 17, 2025.

Plaintiff claims that on August 13, 2020, Defendants Lt. Redden, Sgt. Salinka, Sgt. Canterberry, Sgt. Koen, and Officer Jimenez used excessive force against him by spraying OC spray into his prison cell for over an hour until he passed out, and then placing him in a hot shower while fully clothed and handcuffed. According to Plaintiff, Defendants did so without adequate warning and without provocation, as they were moving him from one cell to another under the pretext that he had threatened a guard.

Plaintiff sued Defendants on August 24, 2021. (Complaint, DE 2.)

B. **Motion for Leave to Reopen Discovery and for Subpoena for Defendant Terry Redden to Produce Prison Policies**

The deadline for initiating discovery in this case expired on September 2, 2024. (DE 124, 87.) More than six and a half months later, and three months after the Court ruled on Defendants' motion for summary judgment, Plaintiff is requesting that the Court reopen discovery for the limited purpose of obtaining Indiana State Prison policies concerning the preservation of surveillance video recordings at the prison. Plaintiff states that he needs these policies to prepare a jury instruction regarding spoliation of evidence. (DE 173.) He also filed a separate motion to similar effect, requesting that Defendant Terry Redden bring certain prison policies to trial for Plaintiff's review. Plaintiff intends to use these policies to show that, had he threatened any guard at the time of the incident giving rise to this case, he would have been placed in segregation, which he was not. In addition, Plaintiff believes that the policies would establish that the surveillance video recording capturing the incident had to be preserved indefinitely. (DE 187.)[1] Defendants object to both motions.

"The decision whether to grant a motion to reopen discovery rests within the district court's sound discretion." *Webber v. Butner*, No. 1:16-CV-1169, 2019 WL 6213143, at *1 (S.D. Ind. Nov. 21, 2019) (citing *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 743 (7th Cir. 2007)). "Motions to reopen discovery following remand are governed by Rule 16(b) of the Federal Rules of Civil Procedure." *Id*. Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). However, a motion to reopen discovery is evaluated under Rule 6(b)(1)(B): "When an act may or must be done within a

---

[1] Plaintiff refiled this motion as docket entry 196. It appears to be identical to the motion in docket entry 187, so the Court doesn't need to separately address the motion in docket entry 196.

specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect."

> Factors to consider when determining excusable neglect include: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also United States v. Cates*, 716 F.3d 445, 448 (7th Cir. 2013) (stating that the Pioneer analysis is controlling wherever "excusable neglect" appears in federal procedural rules).

*Hueston v. Sheriff of Allen Cnty.*, No. 1:22-CV-173-SLC, 2024 WL 4165138, at *1 (N.D. Ind. Sept. 11, 2024).

The Court finds that Plaintiff has not satisfied the criteria for reopening discovery.

On June 4, 2024, Plaintiff submitted his discovery requests. In his "Production Request No. 4," Plaintiff asked for "any and all electronically stored information, E-files, Emails, video/camera footage, backup files, or any other electronic discovery on record with the IDOC during the timeframe of 8/13/2020 until 3/1/2022 bearing Plaintiff's name, physical description, date of birth, social security number, IDOC number, or any other identifier, or otherwise pertaining to the Plaintiff, the facts alleged in Plaintiff's Complaint, and defense and factual assertions in Defendant's answers." (DE 89 at 5.) On September 18, 2024, Defendants responded to this and other requests.[2] Defendants objected to the request no. 4 on the grounds that the "[r]equest for all electronic data relating to the Plaintiff over a period of two years is not limited to the time period or issues relevant to this case." (DE 111 at 3.)

---

[2] On September 9, 2024, Defendants were granted an extension by Magistrate Judge Scott Frankel. Judge Frankel found that although more than three months had passed since Defendants were served with the requests, Defendants had shown good cause for the extension. (DE 105.)

Two weeks later, and four days before the completion of the discovery deadline, on September 28, 2024,[3] Plaintiff moved to compel discovery, stating that Defendants had not provided him with the materials he requested. (DE 119.) The motion did not make a separate request for the video surveillance recording but merely faulted Defendants for breaching the Court's deadline.[4] (*Id*. at 3.) On November 13, 2024, Magistrate Judge Frankel denied Plaintiff's motion to compel because the filings were timely and directed the Clerk to send copies of Defendants' responses to him. (Order, DE 135 ("It is unclear why McKinnon did not receive those filings, but the clerk will send him a copy.").)

On October 1, 2024, Plaintiff filed additional requests for admission and production of documents. This time, he specifically asked for video surveillance footage from the day of the incident. (DE 121 at 5–6.) Judge Frankel denied the motion as belated because "[t]he deadline for initiating discovery expired on September 2, 2024. (Order, DE 124.) Plaintiff did not object under Rule 72 to Judge Frankel's ruling.[5]

---

[3] Defendants cite October 9, 2024, as the date that the motion was filed. While that is the date on which the motion was scanned by the prison staff and forwarded to the Court, Plaintiff certified that he gave the document to the prison staff for filing on September 28, 2024. Defendants have not shown that the certification is false, so the Court accepts September 28 as the filing date.

[4] It appears that there was a lag in time between when the responses were filed on the docket and when Plaintiff received them. Defendants' deadline to respond to discovery requests was September 25, 2024, and Defendants met that filing deadline (*see* DE 100–103, 107–108, and 110–115), but Plaintiff received at least some of the responses after that date.

[5] Rule 72(a) provides the framework for appealing a magistrate judge's ruling on a pretrial matter not dispositive of a party's claim or defense:

> Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

Defendants' counsel represent that they asked the staff of the Indiana Department of Correction about the availability of the video surveillance footage from the day of the incident, and were told that the video footage from that day was not flagged to be saved and was automatically deleted after about thirty days, as the recording system purges older recordings to make room for new ones. (Def.'s Status Report, DE 166 at 2–3.)

This procedural summary reveals three things: (1) Plaintiff first requested the surveillance recording from the day of the incident a month after the deadline for initiating discovery had passed; (2) the video recording no longer exists; and (3) Plaintiff did not request during discovery the policies he's now seeking. As explained below, Plaintiff is not entitled to reopen discovery to obtain the prison policies because he could have, with due diligence, learned before the discovery period closed that the video recording had been deleted. Nor has Plaintiff shown good cause for granting his motion.

Plaintiff insists that Defendants never revealed that the video recording was no longer available, so he had no reason until now to request the prison policies concerning the preservation of the video recordings. Plaintiff claims that these policies will show that Defendants needed to preserve the recording. But Plaintiff did not ask for the video recording from the day of the incident until it was too late, and his motion was denied on that basis. The earlier request for production sought video/camera footage spanning over a year and a half, to which Defendants objected. Plaintiff's subsequent motion didn't address the objection but sought to compel Defendants to timely produce the responses, which the magistrate judge determined had been done. So to the extent that Plaintiff was unaware of the destruction of the video recording a month after the incident, he should not blame Defendants. Although Plaintiff characterizes finding out that the recording was destroyed as "new evidence," this information

5

existed all along and could have been discovered. The reason it wasn't discovered sooner was that Plaintiff's request for the recording was overbroad, resulting in an objection, and his subsequent request came too late. Plaintiff did not object to the magistrate judge's ruling that the motion was filed too late, but waited until after the Court ruled on the summary judgment motion and set this case for trial scheduling. This suggests that Plaintiff abandoned his diligence, choosing a wait-and-see approach. In any case, the Court cannot infer from this procedural history that Defendants intentionally hid information from Plaintiff, as Plaintiff suggests.

Also, notwithstanding Plaintiff's lack of diligence, Plaintiff has not shown good cause for reopening discovery to obtain the Indiana Department of Correction policies. Plaintiff submits that he needs the policies to advance a spoliation instruction at trial. But in support of his argument, he has submitted a policy (Indiana Policy and Administrative Procedure 02-04-101) that provides that "[i]n case of video evidence, the detailed summary shall be documented by fully completing State Form 55721 . . . [and] [a]ll video evidence shall be permanently retained regardless of whether it has value or no value as evidence." (DE 173-1.) And insofar as Plaintiff also requests policies 02-01-109, 02-01-112, 02-01-113, and 02-03-118, aside from vaguely suggesting that they "would likely disclose provisions requiring prison officials to preserve and retain video evidence relating to use of force incidents," he has not explained the basis for his belief. Without more, the Court can't justify reopening discovery.

Moreover, no matter what the sought-after documents may reveal, Plaintiff has not shown that Defendants had control over the video recording, or had any role in the review or destruction of the video. Although Plaintiff cites *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008), for the proposition that a party has a duty to preserve evidence when it knows, or should know, that litigation is imminent, Plaintiff has not shown that Defendants knew of the

impending litigation (the lawsuit was filed a year after the incident) or that they, rather than the IDOC, could have preserved the recording.

And insofar as Plaintiff likens his case to *Lewis v. McLean*, 564 F.3d 556 (7th Cir. 2017), it's not analogous. The plaintiff in *Lewis* suffered severe back pain for several hours, while confined in a solitary cell, without Defendants intervening. During that litigation, the plaintiff requested the video of the incident but the defendants produced only the portion of the recording showing the plaintiff's removal from the cell, not the entire occurrence. The Court of Appeals for the Seventh Circuit was "troubled" by the failure to preserve the entire recording, directing that on remand the defendants be deposed as to their state of mind to determine whether additional recordings existed and, if not, why. *Id*. at 565. *Lewis* does not establish that Defendants here were obligated, or had means, to preserve the video, so it's not controlling.

In summary, the Court is not satisfied that the reasons for the delay in Plaintiff seeking to obtain prison policies justify reopening discovery. Also, obtaining the information Plaintiff now seeks was within his control during the period of discovery. Importantly, reopening discovery would further delay trial in this case, which is already old, which could prejudice defendants. That is to say that, in light of the above discussion, the balance tilts toward Defendants to sustain their objection to Plaintiff's motion.

While the Court will not reopen discovery regarding the IDOC policies requested by Plaintiff and will not compel Defendant Redden to bring these policies to trial for Plaintiff's review, the Court expresses no opinion at this time to what extent Defendants, or other witnesses, can be questioned on these issues.

**C. Motion to Obtain Satellite Images of the Indiana State Prison**

Plaintiff requests that the Court order Defendants to provide him with an aerial satellite image of the Indiana State Prison that is available at prisonagriculture.com. He argues that the image is necessary to show the distance between C-Cell House and the Medical Unit. Plaintiff contends that the image will help him at trial to prove that Defendants are lying when they say they stopped pepper-spraying him at 6:30 pm because the records show that he was given a decontamination shower at the same time, in the medical unit, which is 500 feet away.

Defendants object to Plaintiff having access to such an image because IDOC prohibits prisoners from possessing such images due to safety and security concerns. According to Defendants, inmates could use information from the image to arrange for drone drops of contraband within the prison confines.

The Court is not persuaded by Plaintiff's argument that his need for the image outweighs the safety and security concerns at the prison. Along with his motion, Plaintiff submitted a hand-drawn representation of the aerial view (DE 197-1 at 2), which he argues is insufficient to present to the jury because it's not to scale. However, the image is clear enough, and Plaintiff can explain to the jury the distances between the buildings, as well as the process involved in getting from one building to another. Besides, even if the Court were to allow Plaintiff to have access to the satellite image, the image lacks a corresponding scale, so Plaintiff would still have the issue of explaining the distance between the buildings. *See* https://prisonagriculture.com/satellite-image-gallery/#jp-carousel-5256 (last visited November 6, 2025). Accordingly, the Court will deny Plaintiff's motion to obtain a satellite image of the Indiana State Prison.

### D.  Plaintiff's Request for a Copy of the Seventh Circuit Pattern Jury Instructions

Plaintiff requested that Defendants provide him with the Seventh Circuit Pattern Jury Instructions. In response to the motion, Defendants supplied the relevant sections of the jury instruction set, and in his reply brief, Plaintiff confirmed receiving these excerpts. Therefore, Plaintiff's motion on this issue is moot.

### E. Conclusion

For these reasons, the Court—

- DENIES Plaintiff's motions:
    - for discovery (DE 173) and for subpoena *duces tecum* (DE 187 & 196); and
    - for satellite imagery of the Indiana State Prison (DE 197); and
- DENIES AS MOOT Plaintiff's motion to obtain pattern jury instructions manual (DE 195).

SO ORDERED.

ENTERED: November 7, 2025

/s/ JON E. DEGUILIO
Judge
United States District Court