UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MATTHEW C. MCKINNON, | |
| Plaintiff, | |
| v. | Case No. 3:21-CV-573 JD |
| TERRY REDDEN, J CANTERBERRY, KOEN, SALINKA, ALBRIGHT, LOPEZ, | |
| Defendants. | |

**OPINION AND ORDER**

On July 9, 2025, the Court issued an order setting this case for trial on February 17, 2026, with the final pretrial conference on December 17, 2025. (DE 193 at 1.) In the same order, the Court set:

- October 17, 2025, as a deadline for the parties to exchange their witness, exhibit, and contentions lists; and

- November 17, 2025, as a deadline to submit a proposed pretrial order.

On October 27, 2025, ten days after the disclosures deadline, Defendants' counsel moved to extend this deadline. (DE 206.) Counsel explained that they were simultaneously preparing for another trial, with a final pretrial conference set just two weeks after the final pretrial conference in this case. Counsel stated that they confused the deadlines in the two cases, overlooking the disclosure deadline here. In the motion, counsel told the Court that, to expedite delivery of the documents to Mr. McKinnon, the documents were simultaneously emailed to the litigation

liaison at the Indiana State Prison for delivery to Mr. McKinnon.[1] The Court granted Defendants' motion that same day, extending the disclosure deadline.

On November 5, 2025, Mr. McKinnon moved for sanctions against Defendants under Federal Rule of Civil Procedure 16(f) for violating the exchange deadline. Mr. McKinnon asks that the Court prohibit Defendants' counsel from introducing into evidence any exhibits or witnesses that were not timely disclosed. (Pl.'s Mot., DE 210 at 14.) Defendants do not contest that their disclosures were ten days late, but oppose the motion on the grounds that Plaintiff has not shown that he suffered any prejudice or that Defendants' counsel acted in bad faith. For the reasons stated below, the Court will deny Mr. McKinnon's motion.

Consistent with Rule 26(a)(3), the Court ordered the parties to exchange their witness, exhibit, and contentions lists by October 17, 2025. *See* Fed. R. Civ. P. 26(a)(3) (requiring disclosure of all witnesses and exhibits a party intends or might offer at trial). Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." In turn, Rule 16(f)(1)(C) allows the Court to issues sanctions when a party or its attorney "fails to obey a scheduling or other pretrial order." In addition, Rule 37(c)(1) states that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless." "Sanctions under Rule 37(c) are automatic and mandatory unless the non-movant can establish that the failure was substantially justified or harmless." *DR Distributors v. 21 Century Smoking*, 513 F. Supp. 3d 839, 956 (N.D. Ill. 2021) (citing *David v. Caterpillar*, 324 F.3d 851, 857 (7th Cir. 2003)). In the Seventh Circuit, "'[t]he determination of

---

[1] Counsel also mailed the documents to Mr. McKinnon at the same time. (DE 206 at 1–2.) Mr. McKinnon received the emailed documents on October 28. (Pl.'s Mot., DE 210 at 4.)

whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.'" *David*, 324 F.3d at, 857 (7th Cir. 2003) (quoting *Mid–Am. Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). "[T]he following factors should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id*.

Having considered these factors and the parties' arguments, the Court finds that no sanctions are warranted for Defendants' counsel's ten-day delay in providing witness, exhibit, and contention lists to Mr. McKinnon. While the Court guards its deadlines earnestly, each of the considerations identified in *David* favors a conclusion that counsel's failure to submit the materials to Mr. McKinnon in a timely manner was harmless.

Starting with the first two factors, the Court finds no unfair prejudice or surprise resulting from counsel's late filing, and whatever prejudice there may have been appears to have been cured. Apart from informing each side of what is anticipated at trial, the exchange is also designed to facilitate the preparation of the pretrial order. As for the trial, although provided late, the information was given to Mr. McKinnon more than three months before trial, and he has not shown that the tardy disclosure will negatively impact the course of trial. Moreover, the disclosed exhibits and witnesses are substantially the same as the exhibits and witnesses relied upon by Defendants in support of their motion for summary judgment. Likewise, although the tardy filing may have affected some aspects of preparing for the final pretrial order, Mr. McKinnon has not requested an extension of time, and the final pretrial order has been submitted to the Court as scheduled.

Although Mr. McKinnon claims that he "will be prejudiced [because the late disclosure] prevents [him] from being able to adequately prepare [his] case-in-chief *having to address this major mishap*" (Pl.'s Mot., DE 210 at 10 (emphasis added)), his argument is misplaced. In this context, a party suffers prejudice if it has been placed at a disadvantage by the opponent's violation of the rules controlling pretrial preparation, which he hasn't shown. In other words, prejudice does not arise merely because a motion for sanctions is filed; if that were the case, *David*'s analysis would be superfluous.

Mr. McKinnon also complains that, during the discovery phase, Defendants asked for extension of time on three occasions. He seems to believe that these extensions, coupled with the tardy disclosure, have an overall prejudicial effect. But Mr. McKinnon overlooks that the previous requests were timely. (*See* DE 91, 93, & 98.) In fact, such motions are common in litigation, and the Court sees no prejudicial effect in the earlier filings, whether considered by themselves or together with the belated disclosure.

Nor is there a likelihood that the trial will be disrupted. The delay here is both short and far removed from trial, making disruption unlikely. If any disruption were possible, the appropriate remedy would be a brief continuance, not the outright exclusion of evidence.

Finally, the Court finds no bad faith in counsel's conduct. Counsel explained the confusion that resulted from defending two cases with similar pretrial deadlines. There appears to be no willfulness in the late filing or an attempt to disadvantage Mr. McKinnon. Once the mistake became apparent, counsel expedited the delivery of the documents to minimize any further delay. This is not a situation of counsel engaging in strategic maneuvers to undermine Plaintiff's case against Defendants.

In summary, the Court finds that Defendants met their burden of showing that, although their counsel violated the Court's scheduling order, the violation was harmless. Accordingly, the Court DENIES Mr. McKinnon's motion for sanctions (DE 210).

SO ORDERED.

ENTERED: December 3, 2025

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court
