UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MATTHEW C. MCKINNON, <br><br> Plaintiff, <br><br> v. <br><br> TERRY REDDEN, J CANTERBERRY, KOEN, SALINKA, ALBRIGHT, LOPEZ, <br><br> Defendants. | Case No. 3:21-CV-573 JD |

## OPINION AND ORDER

This case is set for trial on February 17, 2026, on Plaintiff's claim that Defendants used excessive force against him when they removed him from his cell at the Indiana State Prison.

On February 11, 2026, Defendants moved for leave to have one of their witnesses, Dr. Christina Chico, Psy.D., testify remotely via video conferencing. (DE 275.) In confirming her availability to testify, Dr. Chico informed Defendants' counsel that "she strained her tibial tendon and is in a boot. It is difficult and painful for her to both drive and walk." (*Id.*) According to the motion, "Dr. Chico lives approximately 45 minutes away from the courthouse." (*Id.*) At the pretrial status hearing on February 13, 2026, Defendants' counsel explained that Dr. Chico is expected to testify about her impression of Plaintiff's mental condition on the day after the incident.

Plaintiff objects to Dr. Chico testifying remotely on the grounds that the jury should have the opportunity to judge her demeanor and testimony in person.

Having considered the parties' arguments, the Court will allow Dr. Chico to testify via video conferencing.

Federal Rule of Civil Procedure 43(a) provides that "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." However, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Id*. *See also Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018) ("[U]nder Rule 43(a), the judge has discretion to allow live testimony by video for 'good cause in compelling circumstances and with appropriate safeguards.'" (quoting *Thornton v. Snyder*, 428 F.3d 690, 698 (7th Cir. 2005) ("Rule 43 affirmatively allows for testimony by videoconference in certain circumstances . . . .").

According to the notes of advisory committee concerning the 1996 amendment of Rule 43—

> [t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other—and perhaps more important—witnesses might not be available at a later time.

*Id*. The Court must also consider the relevant importance of the expected testimony and whether the impediment for testifying in open court was foreseeable. *Id*. Likewise, a party may not delay notice of its intent to call a witness to testify via video conferencing, so that, if possible, a deposition could be arranged. The court must adopt safeguards "that ensure accurate identification of the witness and that protect against influence by persons present with the witness. Accurate transmission likewise must be assured." *Id*.

Recognizing the importance of in-person trial testimony, *see Perotti v. Quinones*, 790 F.3d 712, 723-24 (7th Cir. 2015) (noting the limitations of live testimony via videoconference but finding it preferable to not having the witness present at all), and having considered these

2

factors, the Courts finds that Defendants have shown good cause for Dr. Chico to testify via video conferencing. Dr. Chico has suffered a strained tibial tendon and her foot is in a boot. It is painful for her to walk and drive, and she lives about 45 minutes from the courthouse. Although Dr. Chico continues to work, she sees her patients via telehealth appointments. Under the circumstances, the only options are either for Dr. Chico to testify via video conferencing or to omit her testimony altogether. The Court finds that the former option is preferrable. While the Court could delay the trial, given that this case is already five years old, such a delay is highly disfavored and contrary to the interests of justice.

Dr. Chico's inability to testify in person was unforeseen, and there's no suggestion that Defendants delayed notifying the Court about her condition. Since trial is imminent, there is no reasonable opportunity to arrange an in-person deposition, not least because Dr. Chico is injured.

The Court is mindful that Dr. Chico's testimony is of limited importance, with no foreseeable application to the issue of liability and seemingly relevant in a limited way to the issue of damages. She did not even conduct a physical examination of the Plaintiff. As such, her testimony is not so central to Plaintiff's case that he would be unfairly prejudiced by her remote testimony, nor does his preference for in-person testimony outweigh Defendants' interest in eliciting Dr. Chico's testimony.

Before Dr. Chico testifies, the Court will ensure that her testimony can be clearly heard, that she is able to hear the questions directed to her, and that she is clearly visible to the jurors. *Cf. Perotti*, 790 F.3d at 726 (affirming district court's decision to have the plaintiff try his case via video conferencing and noting that everyone in the courtroom could see and hear him for the purpose assessing his credibility as a witness). The Court will also ensure that no one present with Dr. Chico, if appliable, is influencing her testimony.

For these reasons, the Court GRANTS Defendants' motion (DE 275). Defendants' counsel are ORDERED to confer with Plaintiff on the first day of trial and ensure that any exhibits that Dr. Chico may need during Plaintiff's cross-examination **are provided to her by Defendants' counsel**.

SO ORDERED.

ENTERED: February 17, 2026

/s/ JON E. DEGUILIO<br>Judge<br>United States District Court