UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW C. MCKINNON,

    Plaintiff,

    v.

                                  Case No. 3:21-CV-573 JD

TERRY REDDEN,

    Defendant.

**OPINION AND ORDER**

Matthew McKinnon, a prisoner without a lawyer, filed a motion for a preliminary injunction. (DE 308.) "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted). To obtain a preliminary injunction, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Mr. McKinnon is proceeding in this case on an Eighth Amendment claim against Lieutenant Terry Redden for unreasonable use of force. In this motion, he seeks a preliminary injunction against Warden Ron Neal of the Indiana State Prison, for alleged retaliation in response to his filing numerous grievances, requests for health care, and pursuing this lawsuit. He claims that Warden Neal had him transferred out of the Indiana State Prison to the Miami Correctional Facility ("MCF") without any legitimate reason, and he requests that the Court order his transfer out of the MCF.

Mr. McKinnon seeks relief based on allegations that appear unrelated to the excessive force claim at issue here and against people who are not parties. "As a general rule, 'a court may not enter an injunction against a person who has not been made a party to the case before it.'" *Nat'l Spiritual Assembly of Baha'is of U.S. Under Hereditary Guardianship*, v. *Nat'l Spiritual Assembly of Baha'is of U.S.*, 547 F. Supp. 2d 879, 885 (N.D. Ill. 2008), *aff'd on other grounds,* 628 F.3d 837 (7th Cir. 2010) (quoting *Additive Controls & Measurement Sys. v. Flowdata*, 96 F.3d 1390, 1394 (Fed. Cir. 1996)). This is because a court's "jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court." *Id.* at 885–86 (quoting *Alemite Mfg. Corp. v. Staff,* 42 F.2d 832, 832–33 (2d Cir. 1930) (Hand, J.)). An exception to this general principle is that "an injunction not only is binding upon the parties to the action, but also upon 'their officers, agents, servants, employees, and attorneys . . . who receive actual notice of the order by personal service or otherwise.'" *Id.* at 886 (quoting Fed. R. Civ. P. 65(d)). Here, neither Warden Neal nor the Warden of the MCF are parties in the above captioned case, nor are they alleged to be the agents of Lt. Redden.

Lt. Redden is a party to this case, but the issue raised in this motion appears outside the scope of this case. The alleged retaliation seems to be unrelated to the claim of excessive force raised in the complaint. In general, the purpose of a preliminary injunction is to preserve the status quo pending final resolution of the case on the merits. *See Lackey v. Stinnie*, 604 U.S. 192, 200 (2025) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held and to balance the equities as the litigation moves forward." (cleaned up)). A preliminary injunction, thus, "merges" into a permanent injunction entered as part of the judgment on the merits. *See Grupo Mexicano de Desarrollo v. All. Bond Fund*, 527 U.S. 308, 314 (1999). Here, Mr. McKinnon is proceeding on an injunctive

relief claim regarding his transfer to the MCF in retaliation for his filing of grievances, requests for health care, and persisting in this lawsuit. He also claims that the conditions of confinement at MCF constitute a violation of the Eighth Amendment. But these claims appear to be separate from the claim of excessive force that he raised in the complaint. Thus, Mr. McKinnon has no chance of success on the merits of a claim that is not presently before the Court.

For these reasons, the Court DENIES the motion (DE 308).

The Court DIRECTS the Clerk to send Mr. McKinnon a prisoner § 1983 complaint packet, in case he wishes to sue over the allegations stated in his motion.

SO ORDERED.

ENTERED: April 10, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

3